UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATALIE PEREZ,

Plaintiff,

v.                                                CASE NO. 6:14-CV-1748-OCU-40DAB

GOLD KEY CREDIT, INC.,

Defendant.

_____/

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, NATALIE PEREZ ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for her Complaint against Defendant, GOLD KEY CREDIT, INC. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1.      This action is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

### JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Defendant conducts business and is located in the State of Florida thereby establishing personal jurisdiction.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the conduct giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transacts business in this district.

## PARTIES

5.     Plaintiff is a natural person who resides in Orlando, Orange County, Florida.

6.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2)

7.     Defendant is a business entity with an office located in Brooksville, Florida.

8.     Defendant at all times relevant was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

9.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     Sometime prior to the filing of this action on a date better known to Defendant, Defendant acquired an account, Account Number 1127XXXX, to collect funds from Plaintiff which were alleged to be owed and past due ("account").

12.     Upon information and belief, the funds owed on the account arise from transactions which were for personal, family and/or household purposes as that is the only type of debt that Plaintiff owes or allegedly owes.

13.     In April 2014, Defendant reported to Equifax, a credit bureau, the account status as "Charge off of Collection."

14.     A true and correct copy of Plaintiff's redacted credit report dated April 22, 2014 is attached hereto as Exhibit A.

15.     Plaintiff sent written correspondence to Defendant disputing the account, which was received by Defendant on April 25, 2014.

16.     A true and correct copy of the April 22, 2014 correspondence is attached hereto as Exhibit B, along with a print out from United States Post Office website confirming delivery of written correspondence.

17.     In June 2014, after receiving Plaintiff's written correspondence, Defendant continued to report the account status with Equifax as "Charge off or Collection," but failed to report Plaintiff's dispute.

18.     A true and correct copy of Plaintiff's redacted credit report dated June 25, 2014, is attached hereto as Exhibit C.

19.     Defendant's knowingly, willfully and voluntarily made false statements and provided false information to Equifax regarding the account

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

20.     Defendant violated the FDCPA based on the following:

a)      Defendant violated § 1692e(2) by communicating a false representation of the amount, character, or legal status of the alleged debt; and

b)      Defendant violated § 1692e(8) of the FDCPA by communicating false credit information, including the failure to report that the alleged debt is disputed.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

21.     Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

22.    Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

23.    Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

24.    Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

25.    Defendant violated the FCCPA based on the following:

    a.    Defendant violated § 559.72(6) of the FCCPA by disclosing information concerning the existence of a debt known to be reasonably disputed by Plaintiff without disclosing that a debt was disputed.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

26.    Statutory damages pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

27.    Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

28.    Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _____

Shireen Hormozdi (FBN: 0882461)
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Phone:  (323) 988-2400 x 267
Fax:      (866) 861-1390
shormozdi@consumerlawcenter.com
Attorney for Plaintiff

4